UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STARSHA MONET SEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00875 AGF |
| ) | |
| VATTEROTT EDUCATIONAL ) | |
| CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Starsha Monet Sewell's *Pro Se* Motion for Default Judgment (Doc. 18). Plaintiff filed her amended complaint on September 7, 2010. (Doc. 16.) On September 28, 2010, Defendant Vatterott Educational Centers, Inc. filed its responsive pleading, which was a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 17.) Plaintiff now moves for a default judgment against Defendant because Plaintiff alleges that Defendant served her electronically, and under the Administrative Procedures for Case Management/Electronic Case Filing Sections I.A and III.B, as a *pro se* litigant, Plaintiff must consent to such electronic service. Plaintiff alleges that she did not offer written consent to be served electronically.

In its response to Plaintiff's Motion for Default Judgment, Defendant explains that counsel for Defendant sent Defendant's responsive pleadings to Plaintiff via Federal Express. The tracking report for that package, which Defendant attached as Exhibit B to its response, shows that Federal Express tried to delivery the package three times, but was unable to deliver it upon Plaintiff personally. On October 11, 2010, after discovering that Plaintiff had not received Defendant's responsive pleadings, counsel for Defendant sent Plaintiff copies of its responsive

pleadings via U.S. Mail and electronic mail to the address contained in Plaintiff's pleadings: 7020 Independence Street, Capital Heights, MD 20743 and smsewell2002@yahoo.com.

Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added). Rule 55 does not provide for a default judgment for Defendant's failure to effect proper service. It permits a default judgment only for a defending party's failure to plead or defend. Here, Defendant filed a Motion to Dismiss, and therefore did not fail to plead or defend as required by Rule 55. Moreover, Defendant has cured any technical deficiency in its service of its responsive pleadings on Plaintiff by service via U.S. Mail and electronic mail on October 11, 2010.

The Court will grant Plaintiff ten (10) days from the date of this order to respond to Defendant's Motion to Dismiss and Memorandum in Support.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Starsha Monet Sewell's *Pro Se* Motion for Default Judgment (Doc. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall respond, in writing, to Defendant's Motion to Dismiss and Memorandum in Support, no later than ten (10) days from the date of this Order.

                                                                                                  *Audrey G. Fleissig*
                                                                                                  AUDREY G. FLEISSIG
                                                                                                  UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2010.