UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STARSHA MONET SEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00875 AGF |
| ) | |
| VATTEROTT EDUCATIONAL ) | |
| CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Plaintiff to Appear for her deposition in this district (Doc. 33). Plaintiff Starsha Monet Sewell, *pro se*, filed a First Amended Complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, retaliation, intentional infliction of emotional distress, and breach of contract by Defendant Vatterott Educational Centers, Inc. Defendant now seeks to take Plaintiff's deposition in St. Louis, Missouri, to which Plaintiff objects because she lives in Suitland, Maryland, which is approximately 800 miles from St. Louis, Missouri.

"Ordinarily, a defendant is entitled to examine a plaintiff in the forum where plaintiff has chosen to sue. Where special circumstances are shown that outweigh any prejudice to the defendant, a court will exercise its discretion to designate a different place for the deposition." McKinzie v. Brown, No. 4:09CV00627 FRB, 2010 WL 750069, *1 (E.D. Mo. March 2, 1010) (quoting Instituto Per Lo Sviluppo Economico

Dell' Italia Meridionale v. Sperti Products, Inc., 47 F.R.D. 530, 533 (S.D.N.Y. 1969), and finding special circumstances existed where plaintiff was disabled.  See also Networks USA XVIII, Inc. v. Denny's Inc., No. 4:04CV01760 SNL, 2006 WL 1522991, *1 (E.D. Mo. May 30, 2006) (holding that because Plaintiff chose the forum, it was proper for its corporate representative to make himself available for deposition in that forum, and citing to Yaskawa Elec. Corp. v. Kollmorgen Corp., 201 F.R.D. 443, 444 (N.D.Ill.2001), which held that "[i]n the absence of compelling circumstances or extreme hardship, a plaintiff should appear for a deposition in the forum of his choice-even if he is a nonresident"); MOORE'S FEDERAL PRACTICE, 2D ED., § 26.70 [1-2].

After carefully weighing the relevant factors and arguments contained in the parties' briefs, the Court sees no reason, under the circumstances, to depart from this general rule.  Having voluntarily selected the Eastern District of Missouri as the forum in which to pursue her cause of action, Plaintiff is in no position to complain of the costs of discovery.  There is no evidence that a St. Louis deposition will impose extreme hardship on Plaintiff.  She has appeared without complaint in St. Louis in the past, both for the December 1, 2010 Rule 16 Conference and the February 14, 2011 alternative dispute resolution ("ADR") conference.  Plaintiff's appearance at the February 14, 2011 ADR conference also demonstrates that she is able to travel following the surgical procedure she was scheduled to undergo in early January 2011.

Additionally, while Plaintiff seeks to participate in her deposition remotely, Defendant argues that it will be prejudiced if forced to conduct her deposition remotely because Defendant's attorney needs to be able to assess Plaintiff's demeanor and

credibility.  Defendant notes that Plaintiff has demanded a jury trial and that Plaintiff's claims in this case necessarily involve "credibility disputes about whether certain employment actions were motivated by legitimate business means or by unlawful motives."  Plaintiff also claims that she suffered emotional distress, pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.  Therefore, Defendant's attorney is entitled to question Plaintiff in person to assess her demeanor and credibility.

Lastly, anticipating that she was going to be in St. Louis for the February 14, 2011 ADR conference, Plaintiff could have scheduled her deposition to be taken in St. Louis at that time to minimize the hardship to her and still adequately accord Defendant its right to a face-to-face deposition in the forum of Plaintiff's choosing.  She elected not to do so.

For the foregoing reasons, the Court will grant Defendant's Motion to Compel.  Plaintiff is hereby ordered to submit to a deposition in the Eastern District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Plaintiff to Appear for her deposition in the Eastern District of Missouri (Doc. 33) is **GRANTED**.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2011.