UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STARSHA MONET SEWELL,                    )
                                         )
         Plaintiff,                      )
                                         )
    vs.                                  )          Case No. 4:10CV00875 AGF
                                         )
VATTEROTT EDUCATIONAL                    )
CENTERS, INC.,                           )
                                         )
         Defendant.                      )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Plaintiff's

Answers to Interrogatory Nos. 1, 2, 6, 10, 11, and 14 (Doc. 40).

Under Rule 37(a) of the Federal Rules of Civil Procedure, a party may move for a

motion compelling disclosure or discovery if "a party fails to answer an interrogatory

submitted under Rule 33." A motion to compel "must include a certification that the

movant has in good faith conferred or attempted to confer with the person or party failing

to make disclosure or discovery in an effort to obtain it without court action." Id.

Plaintiff Starsha Monet Sewell, *pro se*, filed a First Amended Complaint alleging

employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e, *et seq.*, retaliation, intentional infliction of emotional

distress, and breach of contract by Defendant Vatterott Educational Centers, Inc.

Defendant served Plaintiff with its First Set of Interrogatories on November 9, 2010, and

received Plaintiff's objections to its Interrogatory Nos. 1, 2, 6, 10, 11, and 14 on

December 21, 2010.  In accordance with Rule 37(a) and E.D. Mo. L.R. 3.04(a), the

parties conferred in good faith on January 4, 2011, in an attempt to resolve their disputes,

but were unable to reach an accord.

For the reasons set forth below, the Court will grant Defendant's motion and

compel Plaintiff to respond to  Interrogatory Nos. 1, 2, 6, 10, 11, and 14.

## I.     Interrogatory No. 1

"Identify your formal education, including the name of each institution you
attended, dates of attendance, subjects studied, names and dates of degrees
earned, and nature of all vocational training.

**ANSWER:**   Plaintiff objects to this request as duplicative and burdensome
to the extent that it calls for documents already produced to Defendant in
response to Defendant's June 22, 2009 employment application, where the
Plaintiff included academic transcripts, a hand written employment
application, and Resume.  Documents already produced will not be
produced again."

### Discussion

Defendant argues that any information contained in Plaintiff's employment

application is over 18 months old, and was not complete.  Moreover, Plaintiff's

employment application was not completed under oath.  Because Plaintiff's employment

application was not completed under oath, the Court will compel Plaintiff to respond to

Interrogatory No. 1.

## II.    Interrogatory No. 2

"Identify whether you have ever been convicted of, or have pleaded guilty
to, or have pleaded *nolo contendere* to a felony or misdemeanor . . .

**ANSWER:**   Plaintiff objects to this request as duplicative and burdensome
to the extent that it calls for documents already produced to Defendant in

response to Defendant's background investigation, conducted prior to hiring the Plaintiff . . . ."

**Discussion**

Defendant argues that, similar to Interrogatory No. 1, any background check performed on Plaintiff is over 18 months old, and it also would not have covered all jurisdictions. Moreover, the results of any background check were not provided under oath. Because the results of any background check were not provided under oath, the Court will compel Plaintiff to respond to Interrogatory No. 2.

### III. Interrogatory No. 6

"State whether you have ever been a plaintiff in a lawsuit besides this current one . . . .

**ANSWER:** Plaintiff objects to this request as irrelevant overbroad, burdensome, vague, and ambiguous as to the extent that it relies on the term lawsuit which is not defined or relevant to the charges of discrimination, which has been addressed in the above mentioned question #3. Plaintiff further objects to this request, whether broadly or more narrowly construed to the extent it seeks production of documents that can be accessed via-public record."

**Discussion**

Defendant argues that the information sought is relevant and discoverable because Plaintiff might have filed another lawsuit that involved the same facts or damages alleged in the current suit against Defendant. Plaintiff's pleadings or testimony from other lawsuits would be relevant to the extent that Plaintiff made statements about her employment with Defendant, the wages she earned after her employment with Defendant, her emotional well-being, or her employability. Defendant also argues that it is not

obligated to search every state and federal court's docket in the country for this information, much of which is not available on-line.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the parties are entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." The Court finds the information sought by Interrogatory No. 6 to be relevant and tailored to Plaintiff's claims, and does not find this Interrogatory to be overly broad, burdensome, vague, or ambiguous. Moreover, the fact that such information may be available in the public domain does not excuse Plaintiff of her discovery obligations. See Pennfield Oil Co. v. Alpharama, Inc., No. 8:09CV00345, 2010 WL 2243342, *3 (D. Neb. June 1, 2010) (compelling Plaintiff's response to Defendant's document request despite the fact that such documents might be available in the public domain). Whether any such information may ultimately be admissible at trial will be decided later, in conjunction with any trial that may be had in this matter.

For the reasons stated above, the Court will compel Plaintiff to respond to Interrogatory No. 6.

**IV.** **Interrogatory No. 10**

"Please identify the following information for each of your employers:
- a. The name of that employer;
- b. The address of that employer;
- c. Your start and end dates with that employer;
- d. Your title with that employer;
- e. Your responsibilities with that employer;
- f. Your pay rate(s) with that employer;
- g. The employee benefits you received with that employer;
- h. The name and address of your immediate supervisor;

4

> > i. The general business of that employer; and
> >
> > j. The reason for your separation from that employer.

> **ANSWER:** Plaintiff objects to this request as overbroad, burdensome, vague, and ambiguous as to the extent that it relies on the term "employers." This production request is duplicative and burdensome to the extent that it calls for documents already produced to Defendant in response to Defendant's June 22, 2009 employment application, where the Plaintiff included academic transcripts, a hand written employment application, and Resume. Documents already produced will not be produced again."

**Discussion**

The Court does not find this Interrogatory to be overly broad, burdensome, vague, or ambiguous. As discussed with Interrogatory No. 1, Plaintiff's employment application is over 18 months old, not complete, and was not completed under oath. Additionally, the information sought by this Interrogatory is relevant to whether Plaintiff has attempted to mitigate her alleged economic damages, and may lead to the discovery of statements made by Plaintiff regarding her reason for leaving employment with Vatterott.

For the reasons stated above, the Court will compel Plaintiff to respond to Interrogatory No. 10.

V.     **Interrogatory No. 11**

> "Identify each person or entity to which you have applied for employment since your separation from Vatterott . . . .

> **ANSWER:** Plaintiff objects to this request in part as it is overbroad, burdensome, vague, and ambiguous as to the extent that the Plaintiff does not have this information in possession. The plaintiff has produced hard copies off all positions applied for and acquired."

**Discussion**

The Court does not find this Interrogatory to be overly broad, burdensome, vague, or ambiguous. The information is relevant to whether Plaintiff has attempted to mitigate her alleged economic damages, and Plaintiff admits that she has access to the information sought. Accordingly, the Court will compel Plaintiff to respond to Interrogatory No. 11.

VI.     **Interrogatory No. 14**

> "Has a physician, therapist, health care provider, or counselor ever treated or cared for you for emotional distress, pain and suffering, mental illness, anxiety, or depression? . . .
>
> **ANSWER:**   Plaintiff objects to this request as irrelevant as to the extent that it relies on the plaintiffs confidential medical records that are not a matter in this lawsuit, considering the fact that the Plaintiff did not seek medical treatment for damages incurred because her loss of employment also resulted lost of health benefits."

**Discussion**

Information about Plaintiff's mental health treatment history, and whether she has other sources of emotional distress and mental health issues in her life, is relevant to Plaintiff's claim of emotional distress from her termination from Vatterott, and Defendant is therefore entitled to seek discovery on this topic. The Court will compel Plaintiff to respond to Interrogatory No. 14. Whether any such information may ultimately be admissible at trial will be decided later, in conjunction with any trial that may be had in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Plaintiff's Answers to Interrogatories 1, 2, 6, 10, 11, and 14 (Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve her answers to

Defendant's Interrogatories 1, 2, 6, 10, 11, and 14, in writing, no later than **<u>Tuesday,</u>**

**<u>March 29, 2011.</u>**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2011.